GARY Y. LEUNG (Cal. Bar No. 302928)
Email: leungg@sec.gov
LYNN M. DEAN (Cal. Bar No. 205562)
Email: deanl@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Amy Jane Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Western Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>THOMAS MILLER and WILLIAM LIANG,<br><br>　　　　Defendants. | Case No. 2:17-cv-00897-CBM-RAO<br><br>**CONSENT TO ENTRY OF FINAL JUDGMENT BY WILLIAM LIANG** |

## CONSENT OF DEFENDANT WILLIAM LIANG

1. Defendant William Liang ("Defendant") acknowledges having been served with the First Amended Complaint ("FAC") in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the Fourth Claim for Relief of the FAC (except as provided herein in paragraph 12 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins Defendant from violations of Section 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78m(b)(5) and Rule 13b2-1 thereunder, 17 C.F.R. § 240.13b2-1; and

    (b) orders Defendant to pay a civil penalty in the amount of $35,000 under Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d).

3. A stipulated dismissal of the First, Third, Fifth, and Sixth Causes of Action in the FAC as to Defendant will be filed concurrently with this Consent.

4. Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

8. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

11. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or

1  state law and the rules and regulations of self-regulatory organizations, licensing
2  boards, and other regulatory organizations. Such collateral consequences include, but
3  are not limited to, a statutory disqualification with respect to membership or
4  participation in, or association with a member of, a self-regulatory organization. This
5  statutory disqualification has consequences that are separate from any sanction
6  imposed in an administrative proceeding. In addition, in any disciplinary proceeding
7  before the Commission based on the entry of the injunction in this action, Defendant
8  understands that he shall not be permitted to contest the factual allegations of the
9  Fourth Claim for Relief of the FAC in this action.

10      12.    Defendant understands and agrees to comply with the terms of 17 C.F.R.
11  § 202.5(e), which provides in part that it is the Commission's policy "not to permit a
12  defendant or respondent to consent to a judgment or order that imposes a sanction
13  while denying the allegations in the Fourth Claim for Relief of the FAC or order for
14  proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless
15  the defendant or respondent states that he neither admits nor denies the allegations."
16  As part of Defendant's agreement to comply with the terms of Section 202.5(e),
17  Defendant: (i) will not take any action or make or permit to be made any public
18  statement denying, directly or indirectly, any allegation in the Fourth Claim for Relief
19  of the FAC or creating the impression that the Fourth Claim for Relief of the FAC is
20  without factual basis; (ii) will not make or permit to be made any public statement to
21  the effect that Defendant does not admit the allegations of the Fourth Claim for Relief
22  of the FAC, or that this Consent contains no admission of the allegations, without
23  also stating that Defendant does not deny the allegations; (iii) upon the filing of this
24  Consent, Defendant hereby withdraws any papers filed in this action to the extent that
25  they deny any allegation in the Fourth Claim for Relief of the FAC; and (iv)
26  stipulates solely for purposes of exceptions to discharge set forth in Section 523 of
27  the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the Fourth Claim for
28  Relief of the FAC are true, and further, that any debt for disgorgement, prejudgment

interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

//
//
//
//
//
//
//
//

1  //
2  //
3      15.    Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: February 13, 2019

                                              /s/ William Liang
                                              William Liang

    On _____, 2019, William Liang a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

**SEE ATTACHED ACKNOWLEDGMENT**

_____
Notary Public
Commission expires:

Approved as to form:

/s/ John F. Libby
John F. Libby, Esq.
Manatt, Phelps & Phillips, LLP
11355 W. Olympic Blvd.
Los Angeles, CA 90064
Telephone: (310) 312-4000
Attorney for Defendant
William Liang

*Consent to Entry of Final Judgment By William Liang*

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**  CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California  )
County of __Los Angeles__  )

On __February 13, 2019__ before me, __Leslie G. Frankel, Notary Public__,
      Date                                Here Insert Name and Title of the Officer

personally appeared __William Liang__
                                                Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

[Notary Seal: LESLIE G. FRANKEL, NOTARY PUBLIC - CALIFORNIA, COMMISSION # 2161128, LOS ANGELES COUNTY, My Comm. Exp. August 22, 2020]

Signature _____
                Signature of Notary Public

Place Notary Seal Above

——————————— **OPTIONAL** ———————————

*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: __Consent to Entry of Final Judgment By William Liang__   Document Date: __February 13, 2019__
Number of Pages: __8__   Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited  ☐ General
☐ Individual         ☐ Attorney in Fact
☐ Trustee            ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited  ☐ General
☐ Individual         ☐ Attorney in Fact
☐ Trustee            ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On April 4, 2019, I caused to be served the document entitled **CONSENT TO ENTRY OF FINAL JUDGMENT BY WILLIAM LIANG** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☒ **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date:  April 4, 2019

*/s/ Gary Y. Leung*
Gary Y. Leung

1

*SEC v. Miller et al.*
**United States District Court—Central District of California**
**Case No. 2:17-cv-00897-CBM-RAO**

**SERVICE LIST**

*Counsel for Defendant Thomas Miller:*

Sheldon E. Eisenberg
Erin E. McCracken
Ryan M. Salzman
Drinker Biddle
1800 Century Park East, Ste. 1500
Los Angeles, CA 90067
sheldon.eisenberg@dbr.com
erin.mccracken@dbr.com
ryan.salzman@dbr.com

Mary P. Hansen
Drinker Biddle
1 Logan Square, Suite 2000
Philadelphia, PA 19103
mary.hansen@dbr.com (email service only)

*Counsel for Defendant William Liang:*

John F. Libby
Colin M. McGrath
Molly K. Wyler
Kathleen E. I. Wise
Manatt Phelps and Phillips
11355 West Olympic Blvd.,
Los Angeles, CA 90064
jlibby@manatt.com
cmcgrath@manatt.com
mwyler@manatt.com
kwise@manatt.com

2